```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

**RITA HOLZENTHAL**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 06-8927**
                                                       **C/W 06-9907, 06-9909, & 06-9549**

**ESSEX INSURANCE COMPANY, ET AL.**                    **SECTION B(3)**

### ORDER AND REASONS

Before the Court is Plaintiff's Motion To Remand.[1] (Rec. Doc. No. 5). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED.**

### *BACKGROUND*

On August 29, 2005, Plaintiff's rental properties sustained extensive damage as a result of Hurricane Katrina.

On August 28, 2006 Plaintiff filed suit against Defendants Essex Insurance Company, Inc. ("Essex"), Scottsdale Insurance Company ("Scottsdale"), AAA Contractors ("AAA") and Joseph Gallodoro Insurance Company ("Gallodoro") in Civil District Court

---

[1] Plaintiff filed a motion to remand in each of the captioned consolidated actions. In each motion, Plaintiff claims the Court lacks jurisdiction as the requirements in 28 U.S.C. §§ 1332, 1369 and 1441 are not met. In opposition, Defendant claims jurisdiction exists pursuant to 28 U.S.C. §§ 1332, 1369 and 1441 in Civil Action Nos. 06-8927, 06-9907, and 06-9549. Defendant solely relies on jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441 to defeat Plaintiff's motion to remand in 06-9909.
The Court addresses all asserted bases for jurisdiction in this Order.

for the Parish of Orleans. Plaintiff asserted claims of breach of contract, negligence and bad faith against Defendants Essex and Scottsdale. Plaintiff further asserted claims of negligence against Defendant Gallodoro for failing to render advise regarding insurance options and failing to procure requested insurance. Plaintiff is a citizen of Louisiana. Defendants Essex and Scottsdale are citizens of foreign states. Defendant Gallodoro, a local insurance agency, is a citizen of Louisiana.[2]

Defendant Scottsdale removed the matter to federal court claiming federal subject matter exists pursuant to diversity of citizenship and federal question jurisdiction.

Scottsdale contends diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. Defendant argues Gallodoro was improperly joined. Scottsdale further contends jurisdiction exists pursuant to 28 U.S.C. § 1369.

Plaintiff contends Gallodoro was properly joined as a defendant, therefore, diversity of citizenship is destroyed. Plaintiff further contends 28 U.S.C. § 1369 is inapplicable. Therefore, Plaintiff claims this Court lacks jurisdiction and moves the Court to remand.

### *DISCUSSION*

---

[2] AAA Contractor Service ("AAA") was named as a nominee corporation. Accordingly, AAA's citizenship will not be considered in the Court's analysis of jurisdiction.

**A.     Improper Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b).  All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity.  *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case."  *Id.* at 573.  The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id* at 573.  A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery.  *Id.*  "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears

3

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Scottsdale argues Plaintiff failed to state a viable claim against Gallodoro. "Pleadings are to be construed to do substantial justice." *Hill v. North-central Area Vocational School*, 310 So.2d 104 (La. 1975)(citing La. Code Civ. Proc. art. 854).[3] A petition is only required to state material facts upon which a cause of action is based. *Id.* (citing La. Code Civ. Proc. art. 891). Louisiana recognizes an agent's duty to procure requested insurance. *Karam v. St. Paul Fire & Marine Ins. co., 281 So.2d 728 (La. 1973).* Further, Louisiana courts acknowledge that an "agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." *Southern Athletic Club, L.L.C. v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La. 2006)(quoting *Graves v. State Farm Mut.*

---

[3]Plaintiff filed the Petition in state court. Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of Plaintiff's petition.

*Auto Ins. Co.*, 821 So.2d 769, 773 (La. App. 3 Cir. 6/26/02)).

Plaintiff claims Gallodoro failed to procure requested insurance and failed to render advise regarding coverage. Plaintiff alleges that Plaintiff requested coverage and discussed the scope of coverage with Gallodoro.[4] Plaintiff further alleges that Plaintiff retained Gallodoro to provide advise, and Gallodoro held itself out as an expert in the procurement of insurance coverage.[5]

Scottsdale claims Gallodoro informed Plaintiff that the insurance policies at issue would expire in the beginning of August 2005 and would not be renewed due to multiple claims in June of 2005.[6]  Scottsdale further claims that Gallodoro diligently attempted to place the insurance requested but was unable to do so. Therefore, Scottsdale argues that Plaintiff failed to state a claim upon which relief can be granted.

Whether or not Gallodoro negligently failed to procure requested insurance or render advice are disputed issues of fact. Plaintiff asserted claims recognized under Louisiana law and may prove a set of facts entitling her to relief.  Therefore, Plaintiff

---

[4]Petition For Declaratory Judgment And Damages, ¶¶ XVII and XVIII.

[5]Petition For Declaratory Judgment And Damages, ¶ XX.

[6]Gallodoro Affidavit, ¶ 4.

stated a viable claim against Defendant Gallodoro.

Scottsdale further argues that Plaintiffs' claims against Gallodoro are preempted under Louisiana Revised Statute 9:5606. Thus, Scottsdale claims Gallodoro was improperly joined.

La. Rev. Stat. Ann. § 9:5606 (2006) provides in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

The initial policy procurement falls outside of the three year peremptive period. However, a policy renewal may be the basis of a separate tort when the complained of conduct consists of separate and distinct acts giving rise to "immediately apparent damages." *Southern Athletic Club*, 2006 WL 2583406 (E.D.La. 2006)(citing *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182-83 (La. App. 5 cir. 10/26/04) and *Sonnier v. Louisiana farm Bureau Mutual Ins. Co.*, 924 So.2d 419, 422 (La. App. 3 Cir. 3/1/06). Here, Plaintiff

alleges requests were made within the peremptive period. Furthermore, Scottsdale acknowledges the fact that Gallodoro undertook the task of procuring the requested insurance coverage in June of 2005. Therefore, the Court finds a sufficient basis for a separate tort.

However, the determinative issue before the court is whether Plaintiff should have discovered the alleged acts or omissions thereby implicating the one year peremptive period. Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions. *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006)(citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95).

In *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006), the court contemplated whether plaintiffs' non-diverse insurance agent was improperly joined as a defendant. Removing defendant proffered the argument that plaintiffs' claims against the insurance agent were perempted under Louisiana Revised Statute § 9:5606. *Id*. The Court noted that further factual development may establish that Plaintiffs reliance upon the agent to provide adequate insurance coverage may be well-founded and may excuse Plaintiffs failure to discover the alleged omission notwithstanding the policy language. Therefore, the Court held the claims against the agent had not perempted and the agent was not improperly joined.

Similarly, Plaintiff alleges Gallodoro failed to procure adequate insurance. Without further factual development regarding the basis for Plaintiff's reliance and whether or not the reliance was well founded, the Court cannot conclude that Plaintiff has no possibility of recovery against the in-state defendant.

The Court considered Scottsdale's evidence of Plaintiff's statement to WWL-TV on July 12, 2006 in which Plaintiff allegedly said "her insurance company cancelled six policies on rental houses she owned because of too many claims" a week before Hurricane Katrina. However, the Court notes that the evidence fails to establish when Plaintiff knew or should have known Gallodoro failed to procure requested insurance and/or failed to render adequate advise. Further factual development is necessary to conclusively determine whether Plaintiff has a possibility of recovery.

Therefore, the Court finds that Defendant Gallodoro was not improperly joined.

**B.   Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).**

Scottsdale contends jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B)considering Plaintiff's claims arose from Hurricane Katrina.

28 U.S.C. § 1369(a) provides:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that

> arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if—
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides:

> [A] defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the

accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the "single accident" requirement.[7] Therefore, 28 U.S.C. §§ 1369 and 1441(e)(1) are inapplicable and jurisdiction does not exist. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 6th day of February, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[7] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).